### CELSIS IN VITRO, INC., Plaintiff

v.

### CELLZDIRECT, INC., a Delaware Corporation and wholly-owned subsidiary of Invitrogen Corporation; and Invitrogen Corporation, a Delaware Corporation, Defendants.

#### Case No. 10 C 4053.

United States District Court,
N.D. Illinois,
Eastern Division.

Signed March 16, 2015.

Jordan A. Sigale, Julie Lynn Langdon, Dunlap Codding, PC, Adam Glenn Kelly, John Anthony Cotiguala, Loeb & Loeb LLP, Chicago, IL, for Plaintiff.

C. Kevin Speirs, David G. Mangum, Francis M. Wikstrom, Mark A. Glick, Michael R. McCarthy, II, Parsons, Behle & Latimer, Salt Lake City, UT, Jonathan Andrew Muenkel, Rip Finst, Scott Miller, Life Technologies Corp., Carlsbad, CA, Robert David Donoghue, Holland & Knight LLP, Chicago, IL, for Defendants.

## SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

MILTON I. SHADUR, Senior District Judge.

Because the parties' submissions in support of and in opposition to the entry of summary judgment in favor of defendants (this supplement, like this Court's March 13 memorandum opinion and order (the "Opinion"), collectivizes defendants as "LTC" for convenience) were filed under seal, the Opinion has also been filed under seal pending input from the litigants' counsel as to any possible redactions or other handling. In the meantime this Court has taken a final look at the Opinion and is left with the sense that its discussion of technical issues and of the changes marked by the *Mayo-Alice* approach to patent eligibility may have inadvertently obscured a portion of the forest for the trees.

Accordingly, in the interest of clarity, this supplement to the Opinion is issued to provide a more brief summary of its fundamental holding. And to that end this Court believes that it cannot readily improve on this presentation in the *Introduction* section of LTC's summary judgment motion at its pages 1 and 2 (Dkt. 335):

As to § 101, all remaining claims of the '929 patent fail because they consist of nothing more than an observed law of nature combined with the application of routine, conventional steps. Specifically, those claims merely recite the natural fact that, in a normal population of hepatocytes (themselves nothing more than an isolated product of nature), some subpopulation is capable of surviving the process of being frozen and thawed at least two times and some sub-population is not. The remaining claim elements consist of the application of only well-understood, routine, and conventional cell separation and cryopreservation steps admittedly in common use long

before the time of the claimed inventions.

'929 patent inventors Dryden and Hardy readily admit that the processing steps in the claimed methods do nothing to alter the physical properties of the hepatocyte cells put through that process; instead, the claims merely reflect the natural phenomenon that some of those cells are inherently capable of surviving multiple freeze-thaw cycles and others are not. Dryden and Hardy likewise admit that their patent claims disclose no new approaches to isolating, freezing, thawing, "reformulating," or refreezing the cells. All of the claimed steps are admittedly old and conventional. Indeed, the sole "discovery" of value claimed by the inventors is that some hepatocytes can be frozen multiple times (using known techniques) and remain viable, and those hepatocytes can be separated from those that do not remain viable (also using conventional means). That the "discovery" facilitated the development of a commercially successful product is of no moment. Discovery of a natural law simply does not qualify as patentable subject matter; nor does any other part of the '929 patent's claims display the requisite inventiveness to satisfy § 101.

It is for that fundamental analysis of the '929 Patent's absence of patent eligibility, which clearly includes the hepatocyte cell separation process employed as part of the cryopreservation technique described in the patent, that this Court (1) has granted summary judgment in LTC's favor and (2) has determined that a final judgment should be entered dismissing this action with prejudice. This Court so orders.